**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ANTHONY MONTANA,

          Petitioner,

    v.                           CASE NO. 11-3100-SAC

JUDGE ELLIOT,
et al.,

          Respondents.

### O R D E R

This action was filed pro se by an inmate of the Norton Correctional Facility, Norton, Kansas (NCF). Petitioner's initial pleading is entitled "Motion for Federal Summary Judgement (sic) and/or Federal Order." The clerk was advised by the court to docket this matter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for the reason that petitioner seeks to challenge prison disciplinary proceedings and the loss of good time credit. Having considered petitioner's initial pleading, Supplement, and other materials, the court finds as follows.

**CLAIMS AND ALLEGATIONS**

Petitioner complains about the withholding or forfeiture of good time credits as a result of disciplinary proceedings at the NCF. He claims that the NCF violated his due process rights in that he was "wrongfully convicted" on a disciplinary report for aggravated escape. He argues that this conviction should be overturned because the charges were not brought within the six-month period required by Kansas law. He additionally asserts that he has a protected liberty interest in his good time, and that neither the NCF nor the KDOC may withhold or forfeit good time to which he is

entitled under Kansas law. The court is asked to order that "all his Disciplinary cases be removed from his record and all his good time be reinstated."

**FILING FEE**

The fee for filing a habeas corpus petition is $5.00. Petitioner has filed a motion for leave to proceed in forma pauperis, but it is not complete. 28 U.S.C. § 1915 requires that a prisoner seeking to bring an action without fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and petitioner will be given time to submit a proper motion. This action may not proceed until Mr. Montana has submitted a motion that conforms to the requirements of Section 1915(a).

**SCREENING**

The Habeas Rules require the assigned judge to review a habeas petition upon filing and to sua sponte dismiss the petition without ordering a responsive pleading under certain circumstances:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner . . . .

28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b). The Supreme

Court explained the pleading and summary dismissal requirements of Habeas Rules 2 and 4 as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests.

Conley v. Gibson, 355 U.S. 41, 47 (1957). Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." See also Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 (" '[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . . A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading. Mayle v. Felix, 545 U.S. 644, 655 (2005); see also McFarland v. Scott, 512 U.S. 849, 856 (1994).

**FORMS REQUIRED**

Petitioner is required by local rule to submit his petition

3

upon a court approved form. D.Kan.Rule 9.1(a). He is given the opportunity to comply. His failure to submit a complete petition on court-provided forms within the time allotted by the court may result in this action being dismissed without prejudice and without further prior notice to petitioner.

**FAILURE TO STATE FACTS IN SUPPORT OF CLAIMS**

Petitioner makes only general, conclusory claims in his petition. He does not provide the dates or other factual circumstances of any disciplinary proceeding. Nor does he describe the sanctions that were imposed. Instead, Mr. Montana attaches 97 pages of exhibits to his petition and asserts that this is "ample evidence" of his claims. It is not the court's responsibility to sort through pages of petitioner's exhibits to glean the factual basis for his claims. Instead, it is petitioner's responsibility to set forth the factual basis for each of his claims in his petition. He may then specifically refer to exhibits that support the allegations in his petition. When petitioner submits his petition upon the court-provided forms, he must include facts including dates to support his claims. Otherwise, this petition may be dismissed for failure to state sufficient facts to support a claim.

**EXHAUSTION OF REMEDIES**

Before a state prisoner may bring a challenge in federal court to prisoner disciplinary proceedings or the forfeiture or withholding of good time credits, he must have fully exhausted all available prison administrative remedies in a timely fashion. In

addition, he must have fully and properly exhausted all remedies available in the courts of the State. It does not appear that Mr. Montana fully exhausted either the available administrative or judicial remedies. He is required to show that he has fully exhausted all available state remedies on each of his claims, or this action will be dismissed without prejudice.

Petitioner's exhibits are mostly copies of pleadings and exhibits from cases that have been filed by him in the District Court of Norton County, Kansas. See, Montana v. Shelton, Case No. 2010-CV-22 and Case No. 2010-CV-24; Montana v. NCF, Case No. 2010-CV-1. From the court's brief review of these exhibits, including the defendants' Motion to Dismiss filed in Case 2010-CV-22, the factual background of this case appears to be as follows. Petitioner was at the NCF in the custody of the Kansas Department of Corrections (KDOC) when he escaped on July 20, 2005. According to his own allegations in his exhibits, he was eventually "captured" in Maine on March 10, 2007 and extradited to Kansas.[1] After his capture, he was served in May 2007 with a disciplinary report (DR) for the escape. On November 13, 2007, he was provided notice that a hearing would be conducted in NCF Disciplinary Case No. 05-0071 on November 15, 2007, concerning his DR for escape. He was convicted of the charge and the sanctions included, after adjustment on administrative review, the forfeiture of 100 days good time credit. Petitioner received a copy of the Hearing Record which notified him that he had 15 days to appeal. However, he did not attempt to appeal this disciplinary conviction until January, 2010, and his

---

[1] He was convicted of aggravated escape in Rooks County District Court (Case No. 05-CR-45), and sentenced in November 2007.

appeal was returned as untimely. Nevertheless, Mr. Montana persisted in filing grievances regarding the computation of his sentence. Petitioner also sought relief in the state district court. The state judge in an Order Scheduling Pretrial Conference in Case No. 2010-CV-22 (Oct. 15, 2010), cited "a number of K.S.A. 60-1501 proceedings" that Mr. Montana had filed in 2008 through 2010. Case No. 2010-CV-22 is a state petition filed by Mr. Montana pursuant to K.S.A. 60-1501, in which he apparently raised the same claims as he now presents in his federal petition. Petitioner may correct the foregoing facts tentatively found by the court in his Amended Petition, if necessary.

Petitioner's exhibits support the court's finding that Mr. Montana has not shown full exhaustion of all available state remedies. The state court found in Case No. 2010-CV-01 that Mr. Montana did not timely appeal his 2007 disciplinary conviction and the loss of 100 days of good time credits upon which the instant petition is based. It follows that he did not timely exhaust the available administrative remedies as to that proceeding. In addition, there is no indication in the file that he has fully exhausted the available state judicial remedies by appealing the decision in Case No. 2010-CV-22 or any prior state habeas to the Kansas Court of Appeals and ultimately to the Kansas Supreme Court. "A state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Generally, the exhaustion prerequisite is not satisfied unless all claims asserted have been presented by "invoking one complete round of the State's established appellate review process."

Id. at 845.  This means that petitioner's claims must have been "properly presented" as federal constitutional issues to the Kansas Court of Appeals and ultimately "to the highest state court." Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). While petitioner has sought relief in the state district court, there is no indication that he has timely appealed any adverse decision to the Kansas Court of Appeals and the Kansas Supreme Court.

**FAILURE TO STATE A CLAIM**

Petitioner's assertion that the State may neither forfeit nor withhold good time credit has no legal merit.  As was explained to Mr. Montana in state court and in administrative proceedings, good time may be withheld as well as forfeited when an inmate is found guilty of a disciplinary infraction.  Petitioner presents no convincing authority for his argument that he is entitled to a certain amount of good time under state law and that he has a liberty interest in having all allowable good time awarded and none ever forfeited.  If good time could never be withheld or forfeited it would not serve its purpose, which is to reward good behavior and not improper behavior.

Petitioner alleges that his current release date is December, 2011, and that this court must immediately consider his claims or they will be rendered moot.  Petitioner's allegations might be construed as asking this court to intervene in pending state court proceedings where he has already presented the same claims as he attempts to present in this federal petition.  However, this federal district court has no supervisory authority over a state court.

Instead, petitioner must present any complaint regarding delay to the state court in which proceedings are pending and, if not satisfied with the result, in the state appellate courts.

Petitioner is given time to file an Amended Petition upon forms provided by the court, to show full and proper exhaustion of all available administrative and state court remedies, and to show cause why this action should not be dismissed for failure to state a federal constitutional claim. If he fails to properly respond within the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee by either paying $5.00 or submitting a proper motion to proceed in forma pauperis upon court-provided forms together with a certified statement of his inmate account for the appropriate time period.

**IT IS FURTHER ORDERED** that within the same twenty-day period, petitioner must submit his petition upon forms provided by the court, show full and proper exhaustion of all available administrative and state court remedies, and show cause why this action should not be dismissed for failure to state a federal constitutional claim.

The clerk is directed to send forms to petitioner for a § 2241 petition and for an IFP motion.

**IT IS SO ORDERED.**

Dated this 23rd day of June, 2011, at Topeka, Kansas.

s/Sam A. Crow
                                        U. S. Senior District Judge